And we'll move to our next case this morning, United States v. Roy Crockett. Mr. May. Good morning, Your Honors. May it please the Court. My name is Colleen Remy, and I'm here today representing Roy Crockett in his appeal from his case from the Eastern District of Wisconsin. I thought long and hard about how to begin today. There's a lot going on in this case. But ultimately, I think the crux of the issue is that when the Supreme Court decided Wooden v. United States, it upset settled law in this circuit in a couple of ways. How do we get there with the appeal waiver in place? Because, Your Honor, we are dealing with a situation where the contention at issue here is that his plea was not knowing and voluntary. And that comes before we assess the appeal waiver. So appeal waivers stand and fall with the validity of the plea and cannot foreclose an argument that the plea was not entered into knowingly or voluntarily. But the problem, here's the problem with that. We have cases that say that the knowing and voluntary quality of a plea is not called into question just because the person bet wrong, basically. They bet that the law wouldn't change. They bet that the facts would remain the same or not. And it turned out they were wrong. You know, that there was a later change in the law. But we've said, you know, part of contracting is allocation of risk. And in entering a knowing and voluntary plea, the person assumes the risk that there may be a change. Whereas if that individual had taken an appeal, you would at least be entitled to the law applicable on appeal. A lot of the cases you rely on are in that context. And so how do we square this circle? I mean, we have an appeal waiver here. Yes, he didn't have, you know, a crystal ball into the future. He didn't know the wooden was going to come along. But is that lack of knowledge enough to make something not knowing and voluntary? So, Your Honor, I struggled with this as well when I was preparing the briefing in this case. And I think what this comes down to is that the Supreme Court has sort of given us two buckets. One bucket is where, as you said, you can't have a crystal ball. The punishment, you know, they talk about Brady, where Brady claimed that he had entered into his plea agreement on the idea that if he hadn't, he could be subject to potential death penalty. And the death penalty had been subsequently ruled unconstitutional and taken off the table. And so it was this sort of idea that, well, the punishments may change one way or the other. I recognize that we are dealing with punishment in this case, but that is why the initial, my first ask of this court is to find that the fact that prior convictions occurred on separate occasions is actually an element of the offense rather than simply a sentencing enhancement. But by being able to answer that question, we have to do something first with the appeal waiver. When there's an express appeal waiver that says explicitly this, you can't go back. Well, so the other, so then that brings me to the second bucket. So the second bucket is where a criminal defendant has not been fully informed as to what the government would have to plead to find him guilt, or would have to prove beyond a reasonable doubt. So this happened in Bailey, the Supreme Court case Bailey. This happened in Rahave. And in those cases where the Supreme Court said the district courts have been doing it wrong, they have misunderstood an element of an offense, and the defendants have not been adequately apprised of what the government would have to prove. We are... Is there an appeal waiver in the Wooden case? I don't believe there is an appeal waiver in the Wooden case. But that's... And not in Valsley either. I mean, that's the problem. But had there not been an appeal waiver in this plea, I think we would be having an entirely different discussion. But as Judge Pryor is saying, we've got to get past the appeal waiver first before we can think about the elements point that you're making, before we can think about other things. I think the distinction here is that I am not just, I'm not arguing that his... simply that his sentence is wrong. And he should go back and be resentenced, not under ACCA. I recognize that his appeal waiver forecloses such an argument. What I'm arguing is that he was not informed as to what the government would have to plead and prove in order to find him, to convict him of this aggravated version of felon in possession. Under current law. Not under the law as it existed at the time. Right, but if we look at individuals who were convicted pre-Bailey, who had simply possessed... Those are all plenary review cases without appeal waivers. But the question of whether... And they implicate questions of retroactivity and so forth. This is a different domain. The question of whether an appeal, or a plea was entered into knowingly involuntary always comes before application of an appeal waiver. And you're willing to throw out the whole plea. I mean, which in some ways... Yes. That's a risky strategy for Mr. Brown. Right, and I had that conversation. You know, that's a conversation that we always have with clients, of this comes with obviously attendant risks. So would I be happy to be here just saying he shouldn't be an armed career criminal and we should go back for a resentencing? Of course I would, but that's not the case we have. But the implications of your argument are that every subsequent change in the law vitiates a plea agreement because it renders the plea unknowing and involuntary as a matter of law. And that would defeat the entire purpose of appeal waivers. Only when the change in law affects the elements of an offense. So, I mean, otherwise, I don't... That's the only way I can reconcile... Those kinds of changes in the law happen all the time. And this is, I mean, this is a sentencing, fundamentally a sentencing argument because it determines minimums and maximums. But it's an element... Well, the fact that it has to be pleaded and approved put it in that category, but it remains a sentencing enhancement. It's a statutory sentencing enhancement, right? Certainly, but it also, I mean, under the Elaine and Apprendi line of cases because it's not simply a, you know, it's not a guidelines change in law. It's not something that gives, informs a judge. It changes the judge's power to decide on a sentence. And, you know, I mean, we're looking at the difference between zero to 10. But all the Begay and DeCamps and Mathis arguments are swept in. As, you know, occurrences, later developments of the law that would vitiate plea agreements under the logical extension of your argument. Is that not the case? I mean, when those were decided... Those are all sentencing, statutory sentencing enhancement issues, right? I mean, to the extent that they affect the Appropriate Criminal Act, my argument, I mean, I understand I'm asking... It's a big ask to use your terminology. It is because... Throw out abundant case law. Well, up until now, the Armed Career Criminal Act has been treated as simply a sentencing enhancement. And I don't think... And it's not now. The number of requests and emails we get through our offices every day asking for jury instructions about separate occasions is, you know, people are... The government has conceded on multiple occasions that this now should be treated as an element. So here, though, Mr. Crockett negotiated for an appeal waiver. He received a benefit from entering into a plea agreement. And one of the... Part of the negotiations was that of an appeal waiver. Sure. And so if we sidestep... And in essence, what you're asking is, the appeal waiver is no longer valid. Get to my underlying argument. How do I get there? I am not asking the court to hold as a matter of law that his prior convictions were committed on the same occasion. I am asking the court to recognize that he was not apprised of an essential element in his conviction, in his prosecution, that the government would have to plead and prove beyond a reasonable doubt, and the legal... The appropriate legal standard to which they would be held, in relation to his convictions question. And recognize that he was not fully informed, and he could not then make a knowing and intelligent analysis of the entire cost and benefit of his plea. And because... We have a few seconds left. What is... Let's say we do get to the underlying cause, the underlying argument of what you're requesting here, and saying, go back to the court. You make the determination of same occurrences. Is it your contention that this was one continuous under the Wooden case? I think that's a very good argument that it was. Thank you. Mr. Tableson. Good morning. May it please the court. My name is Benjamin Tableson. I represent the United States. The appellant's armed career criminal act status is referred to 10 times between his plea agreement that he signed and the PSR he did not object to. He asked this court, as your Honor's questions indicated, to pierce the appellate waivers, reach the merits of this case, find that Wooden might help him, and then circle back and void the appeal waivers in light of those merits. So as I understand it, he is willing to throw the whole plea agreement out. So back, you know, with the clock rolled back, he might not plead guilty, and then there'd be a trial and all these instructions that we're hearing about that would be appropriate under Wooden would happen. Or if he could, not to be determined yet, but I suppose, you know, maybe the government would negotiate a different plea agreement with him. Who knows? You know, I mean, anything could happen in the future. And he might be worse off. You know, you might throw in those other charges. You might, I mean, there were concessions that were made. Sometimes I wonder about these plea agreements, but this one had some serious concessions on the part of the government. And that's all out the window if he wins. That's exactly right, Judge. But he's saying, along with the other things out the window are the appeal waiver, and if he could somehow convince a jury that this was all on one occasion, that's the reason he's willing to assume that risk, because if it's just one occasion, then the enhancer's not there. That's exactly right, Judge. I think you fairly summarized it, but to do so would require this court, and then case law, and that's Czigorczyk, Carson, Oliver, and all the rest. As this court said in Carson, fairly bluntly, there's just no way to resolve the merits of an appeal like this without pretending the appellant did not bargain away that right truly. I think that's precisely the situation. So is Bosley, that case, is it out of place on the question? I'm sorry, Judge. Bosley, is it out of place when we talk about the enforcement of the waiver? That's exactly right, Judge, it is. We've put a lot of research, which is a retroactivity analysis, onto this case where there is an appeal waiver. No matter whether Wooden here represented a change in the law or instead indicated what the statute always meant, it most certainly represented a development in the law of this circuit, and this court has been clear over and over and over that a development in the law does not undermine the voluntariness or knowingness of a plea and does not then undermine an appeal waiver in that plea agreement. If your Honors have no questions, we ask that this court should dismiss the appeal or in the alternative, affirm the judgment below. Thank you. Thank you. Ms. Remy, I think your time has expired or come close to expiring. I'll give you some extra time if you've got something else to add or rebut. Your Honors, the only thing I just want to point out is that the case law is clear and an appeal waiver stands and falls with the validity of the plea. And so I am not trying to circumvent an appeal waiver. I am not asking the court to make any pronouncements on whether or not Mr. Crockett is an armed career criminal or not. What I am asking the court to find is that his plea was not entered into knowingly and voluntarily, and that is a basis upon which, independently, regardless of the terms of the plea, he should be allowed to withdraw his plea as not knowingly and voluntarily. And for that reason, Bowsley is on point, directly on point. I understand that Bowsley may not have had an appeal waiver, but in every recitation of the rule about appeal waivers, we see as long as the appeal, the plea was entered into knowingly and voluntarily, the appeal waiver will stand with the validity of the plea. And I am arguing that this, in this situation, it was not. Thank you for your time. Alright, thank you very much. Our thanks to both counsel. The case is taken under advisement.